**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JOHNNY BAILEY,
#01960468                                                                                            PLAINTIFF

3:14CV00144-DPM-JTK

CRAIGHEAD COUNTY DETENTION
CENTER, et al.                                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Johnny Bailey is an inmate incarcerated at the Garza East Unit in Breville, Texas. He filed this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement and denial of religious freedom while incarcerated at the Craighead County Detention Center (Jail) from April, 2014, until his transfer to the Texas Unit in September, 2014. Defendants Craighead County Detention Center and Bret Duncan were dismissed on September 9, 2014 (Doc. No. 17). Plaintiff asks for monetary and injunctive relief from Assistant Jail Administrator Matt Hall.

Pending before the Court is Defendant's Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 31-33), to which Plaintiff responded (Doc. Nos. 37, 40).

### II.    Amended Complaint (Doc. No. 7)

Plaintiff alleged he received no response to a request and grievance he wrote in April, 2014, asking about "Jumah" Fridays, so that he could practice his religion. (Doc. No. 7, p. 4) He also received no response from Defendant Hall when he asked him about the grievance he filed. (Id.) He claimed he was denied the right and means to practice his religion because of a lack of reading

material and a lack of "times and space." (Id.)  He also claimed Ramadan requires that a Muslim prepare and bless meals and that the Jail administration refused to allow him to work in the kitchen to prepare his pork-free meal. (Id.) Finally, he claimed he was forced "to practice my religion as the administration sees fit, not as my religion would have me practice it.  And there is unjust treatment toward anybody that doesn't follow the Christian faith.  (Id., p. 5)

With respect to his living conditions, he alleged that they were unsanitary because of standing water and mold, and that inmates were not provided with adequate cleaning supplies. (Id., p. 4)

### III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

    **A.**    **Exhaustion**

Defendant Hall states Plaintiff failed to exhaust his administrative remedies as to all his claims

except his religious claim involving "Jumah" Friday. The Jail has a written grievance policy that requires detainees to submit their grievances in writing to a housing officer or staff member. (Doc. No. 33-3) The shift supervisor reviews the grievance and provides a written response, which is returned to the inmate for his signature and then returned to be scanned and maintained in the inmate's file. (Id., Doc. No. 33-1) As custodian of Jail records, Hall states that he reviewed the grievances Plaintiff filed, and found none in which Plaintiff complained about unsanitary conditions, or about food preparation or blessing of food for Ramadan. (Doc. No. 33-1, p. 2; Doc. No. 33-2) The only grievance related to the present allegations was filed on May 8 2014, in which Plaintiff stated he had not heard from anyone about "Jumah" prayer or religious reading material. A Jail official responded that someone could bring him a Quran. (Doc. No. 33-2, p. 5)

Defendant states that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, together with case law, mandate that all requirements for exhaustion be followed prior to filing a lawsuit. See Woodford v. Ngo, 548 U.S. 81, 93 (2006). He also asks that the Court dismiss these claims with prejudice, because Plaintiff left the Jail in September, 2014 and is now confined in Texas; therefore, he is not capable of exhausting his remedies as to these claims.

In Response, Plaintiff states that he did file grievances and did exhaust his remedies, and notes a grievance he filed on May 2, 2014, in which he complained that he was not receiving answers to the request forms he filed. (Doc. No. 33-2, p. 4)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. at 218.

     In this case, Plaintiff does not deny that the Jail has a grievance policy in effect, and it is clear that he was familiar with the policy, as Defendant provides copies of over twenty grievances Plaintiff filed between April 19, 2014, and August 20, 2014 (Doc. Nos. 33-2). As noted by Defendant, none of these grievances address the conditions about which Plaintiff complains, or the claim concerning the blessing of food during Ramadan. Although Plaintiff claims that he exhausted, and points to a grievance in which he complains that he received no answers to inmate requests, he is not specific about when he filed these missing grievances, the subject matter or the specific facts about which he

complained of in the grievances, or to whom he gave the grievances. These vague assertions of exhaustion are not sufficient to overcome the evidence presented by the Defendants. See Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005), where the Court dismissed a complaint for failure to exhaust, despite assertions that the plaintiffs were prevented from filing grievances, stating, "[a]ppellants have presented no evidence that any prison official thwarted an attempt to initiate the procedures or that any official made it impossible for them to file grievances." See also Banks v. Federal Bureau of Prisons, No. 2:12cv00150-SWW-JTK, 2013 WL 1200301 (E.D.Ark. 2013), and Hahn v. Armstrong, No. 1:08cv00169-LMB, 2010 WL 575748 (E.D.Mo. 2010). Therefore, the Court finds Plaintiff failed to exhaust his remedies with respect to his conditions claims and the blessing of food claim.

### B. Sovereign Immunity

The Court agrees with Defendant that the monetary claims against him in his official capacity should be dismissed. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). In this case, Plaintiff does not allege such a policy or pattern of conduct was responsible for the alleged denial of his religious freedoms. Therefore, the monetary claims against him in his official capacity should be dismissed.

### C. Qualified Immunity

Defendant also argues he is protected from liability in his individual capacity by qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a

government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In this case, Plaintiff alleged in his Amended Complaint that he was denied the right to practice his religion due to a lack of reading material or the scheduling of times and space in which to do so. The grievance he filed questioned the practice of "Jumah" on Fridays, and the response he received stated that he could arrange for someone to bring him a copy of the Quran.

Under the Free Exercise Clause of the First Amendment, Plaintiff must first raise a material

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

question of fact as to whether Defendant placed a "substantial burden" on his ability to practice his religion.  Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008), citing Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997).  The Patel Court further explained that substantially burdening one's free exercise of religion

> means that the regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

515 F.3d at 813, citing Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 988 (8th Cir. 2004).

In this particular case, however, Plaintiff does not allege, and provides no evidence to prove, that Defendant Hall prevented him from practicing his religion.  Hall stated in his affidavit that the Jail Religious Policy permits inmates to worship or meditate at reasonable times as prescribed by their faith and to adhere to dietary laws of their faith where possible. (Doc. Nos. 33-1, 33-5) While the Jail accommodates religious freedoms and permits the celebration of Ramadan and other religious holidays, the Jail does not employ a Muslim minister on staff, nor has a Muslim religious leader requested to provide volunteer services to inmates in the facility. (Doc. No. 33-1, p. 3) Religious materials are donated by area churches and religious entities, family members or other persons are permitted to bring religious texts to inmates, and inmates may order such by mail. (Id.)

Plaintiff does not specify how his religious practice was burdened, what practices were prohibited, or who prevented him from carrying out any of his religious practices.  Therefore, absent additional facts and/or evidence and absent allegations concerning the involvement of Defendant Hall, the Court finds no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

## IV.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 31) be GRANTED.

2. Plaintiff's conditions claims and religious claim concerning the blessing of his food be DISMISSED without prejudice, for failure to exhaust administrative remedies.

3. All other allegations against Defendant Hall be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 27th day of May, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE