**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JOHNNY BAILEY,
#01960468                                                                                      PLAINTIFF

3:14CV00144-DPM-JTK

CRAIGHEAD COUNTY DETENTION
CENTER, et al.                                                                                 DEFENDANTS

**SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following supplemental recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

Plaintiff Johnny Bailey is an inmate incarcerated at the Garza East Unit in Breville, Texas. He filed this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement and denial of religious freedom while incarcerated at the Craighead County Detention Center (Jail) from April, 2014, until his transfer to the Texas Unit in September, 2014. Defendants Craighead County Detention Center and Bret Duncan were dismissed on September 9, 2014 (Doc. No. 17). Plaintiff asks for monetary and injunctive relief from Assistant Jail Administrator Matt Hall.

Pending before the Court is Defendant's Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 31-33), to which Plaintiff responded (Doc. Nos. 37, 40). I issued Proposed Findings and Recommendations on May 27, 2015, recommending that Defendants' Motion be granted. (Doc. No. 41) By Order dated August 10, 2015, United States District Judge D. P. Marshall Jr. adopted in part the recommendations as to exhaustion and sovereign immunity, and

dismissed Plaintiff's claims about conditions of confinement and the blessing of food. (Doc. No. 43) The Court declined to adopt the recommendation on qualified immunity, referring the issue back to me "for further consideration and a new recommendation." (Id.)

As noted in the May 27, 2015 Proposed Findings and Recommendation, Defendant argues he is protected from liability in his individual capacity by qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

3

v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Plaintiff alleged in his Amended Complaint that he was denied the right to practice his religion while incarcerated at the Jail due to a lack of reading material or the scheduling of times and space in which to do so. The grievance he filed questioned the practice of "Jumah" on Fridays ("I am greiving the fact that I have not heard from anyone about 'JumaL' prayer or religious reading material"), and the response he received stated that he could arrange for someone to bring him a copy of the Quran. (Doc. No. 33-2, p. 5)

Under the Free Exercise Clause of the First Amendment, Plaintiff must first raise a material question of fact as to whether Defendant placed a "substantial burden" on his ability to practice his religion. Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008), citing Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997). The Patel Court further explained that substantially burdening one's free exercise of religion

> means that the regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

515 F.3d at 813, citing Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 988 (8th Cir. 2004).

In addition, Plaintiff must demonstrate that any Jail restrictions on his sincerely held religious belief are not "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In Turner, the court set forth a four-part test for use in determining the constitutionality of a prison regulation or practice which is challenged on First Amendment grounds. Courts should consider: whether there is a valid rational connection between the regulation and the governmental interest, whether an alternative means is available to the prison inmates to exercise

4

their right, whether an accommodation would have a significant effect on guards, inmates and prison resources, and whether there is an available alternative which accommodates the prisoner at a de minimis cost.  Turner v. Safley, 482 U.S. 78, 89-90 (1987).

Applying these factors to the case at hand, the Court first notes that Plaintiff does not specifically challenge a Jail regulation or practice; rather, he appears to complain that the Jail denied him the ability to practice his religion as it relates to a Muslim congregational prayer held on Fridays. A prison official responded to his grievance by stating that Plaintiff could have someone bring him a copy of the Quran.  In addition, according to the Affidavit of Defendant Hall, who is the assistant Jail administrator, any religious materials on hand at the Jail are donated by area churches and religious entities, and a family member or other person is permitted to bring a religious text to a detainee. (Doc. No. 33-1, p. 3)  The Jail does not employ religious leaders; religious leaders who do come to the Jail volunteer their time and services. (Id.) While the Jail does not solicit religious volunteers, it does not deny any religious leader with sincerely-held beliefs access to provide those services, and would not deny such a person the ability to donate a religious text to the facility.  (Id.) Detainees are permitted to worship or meditate at reasonable times, and to have access to clergy of their faith if available.  (Id.)

While the Jail does have a chapel area where religious services are conducted, detainees are not permitted in that area unless a religious volunteer is present to act as a supervisor.  (Id., p. 4) However, Muslim and all other detainees are permitted to pray throughout the day and to practice their religious beliefs, and may congregate and pray together in their respective pods/areas as time permits. (Id.) Detainees are permitted to celebrate Ramadan and any other religious holiday as long as it does not conflict with an issue of security.  (Id.)

5

Based on Defendant Hall's affidavit, the Court finds that he did not act in any way to place a burden on the practice of Plaintiff's religion. In the grievance Plaintiff submitted, he inquired about "JumaL" prayer or religious reading material. (Doc. No. 33-2, p. 5) A Jail official responded that Plaintiff could ask someone to bring him a Quran. (Id.) At no time did Plaintiff claim that Defendant Hall prevented someone from bringing him a Quran, that he forbade Plaintiff from praying or congregating with other Muslims in his pod to pray, or that Defendant or any other Jail official specifically prevented him from practicing his religion. According to the Turner factors set forth above, Plaintiff provides no evidence that a Jail practice or regulation infringed on a sincerely held religious belief. In addition, he provides no proof Defendant denied him any, much less, alternative methods of worshiping, or infringed on his religious practices by not distributing copies of the Quran or by not employing a Muslim chaplain to provide religious services. Hall stated in his affidavit that while the Jail accommodates religious freedoms and permits the celebration of Ramadan and other religious holidays, the Jail does not employ a Muslim minister (or any other religious leader) on staff, nor has a Muslim religious leader requested to provide volunteer services to inmates in the facility. (Doc. No. 33-1, p. 3) Religious materials are donated by area churches and religious entities, family members or other persons are permitted to bring religious texts to inmates, and inmates may order such by mail. (Id.)

In conclusion, Plaintiff did not specify how his religious practice was burdened, what practices were prohibited, or who prevented him from carrying out any of his religious practices. Therefore, absent additional facts and/or evidence and absent allegations concerning the involvement of Defendant Hall, the Court finds no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or

statutory right.

    IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 31) be GRANTED.

    IT IS SO RECOMMENDED this 11th day of August, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE